David Lin, Esq.
David@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Counsel for LaRochell Beauty LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAROCHELL BEAUTY LLC,<br>*Plaintiff*,<br>v.<br>BEAMING WHITE, LLC, LUIS LAJOUS, UNICORN TRIBE, BOXY CHARM, INC., FABFITFUN, INC.,<br>*Defendants*. | Case No: 3:22-cv-05398 (MAS) (LHG)<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff LaRochell Beauty LLC ("LaRochell" or "Plaintiff"), by and through its undersigned attorneys, hereby submits this Verified Complaint against Defendants Beaming White, LLC and Luis Lajous (Beaming White, LLC and Luis Lajous together, "Beaming White"), Unicorn Tribe, Boxy Charm, Inc. ("Boxy Charm"), FabFitFun, Inc. ("FabFitFun" or collectively with Beaming White, Unicorn Tribe, and Boxy Charm, "Defendants") seeking damages, injunctive and other relief for trademark infringement and unfair competition. In support thereof, LaRochell alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief for trademark infringement

and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et seq*., and under New Jersey law. LaRochell has used the mark PEARLY as described below in connection with toothbrushes and electric toothbrushes since at least as early as 2017. LaRochell holds Federal registrations covering the marks PEARLY and PEARLY and Design (collectively, the "LaRochell PEARLY Marks"). Defendant Beaming White has adopted an identical and infringing "Pearly" mark (the "Infringing Mark") that Defendant Beaming White uses in connection with a directly competing toothbrush. Defendants Unicorn Tribe, Boxy Charm, and FabFitFun have then sold and/or distributed the infringing toothbrush to customers. Moreover, Defendant Beaming White has deliberately continued using the Infringing Mark despite having constructive and actual notice of LaRochell's rights in the LaRochell PEARLY Marks. LaRochell has filed this action to stop Defendants from selling, promoting and/or marketing their toothbrushes infringing the LaRochell PEARLY Marks in violation of Federal and state law. As a result of Defendants' willful, wrongful, and unlawful conduct, LaRochell seeks an injunction, damages and other monetary relief against Defendants, jointly and severally, including but not limited to treble damages, attorneys' fees, costs and pre- and post-judgment interest.

## **THE PARTIES**

2. Plaintiff LaRochell is a limited liability company organized and existing under the laws of the State of New Jersey, with a principal place of business at 10 Overhill Drive, Old Bridge, New Jersey 08857.

3. Upon information and belief, Defendant Beaming White is a Delaware limited liability company with a principal place of business at 1205 NE 95th Street, Vancouver, Washington 98665.

4. Upon information and belief, Defendant Luis Lajous is a U.S. citizen and

individual with an address at 1205 NE 95th Street, Vancouver, Washington 98665.

5. Upon information and belief, Defendant Unicorn Tribe is a business entity headquartered in California with an address at 930 Calle Negocio, Ste. A, San Clemente, California 92673.

6. Upon information and belief, Defendant Boxy Charm is a Florida corporation with a principal place of business as 880 SW 145th Ave., Ste. 300, Pembroke Pines, Florida 33027.

7. Upon information and belief, Defendant FabFitFun is a Delaware corporation with a principal place of business as 700 N. San Vicente Blvd., Los Angeles, California 90069.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over LaRochell's state law claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338.

9. This Court has personal jurisdiction over Defendants because, upon information and belief: (A) Defendants do substantial business and have substantial and continuous contacts with New Jersey; (B) Defendants regularly solicit business from, do business with, and/or derive revenue from consumers located in this judicial District; and/or (C) Defendants have infringed, or have contributorily infringed, LaRochell's Federally-registered and common law trademarks by selling, offering to sell, distributing, promoting and/or advertising their infringing goods in this judicial District. For at least these reasons, Defendants should reasonably expect that their activities might have consequences in this judicial District.

10. Defendant Beaming White, under Defendant Lajous' direction, control, and to his

personal benefit, engaged in the creation of a product which directly infringes upon LaRochell's trademark and offers the infringing product for sale on Defendant Beaming White's website.

11. Utilizing this site, Defendants Beaming White and Defendant Lajous have engaged in trademark infringement and unfair competition with Plaintiff LaRochell Beauty.

12. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction and have committed acts of trademark infringement in this District. Defendants Beaming White and Unicorn Tribe are offering and selling infringing products in New Jersey, which gives rise to proper venue as a substantial part of its infringing acts have occurred in this district. Defendants Boxy Charm and FabFitFun distributed the infringing products as part of a subscription box in New Jersey, as part of the regular course of business herein customers purchase a monthly subscription to these companies, and they receive collection of curated products.

## BACKGROUND

13. Plaintiff LaRochell operates a business that sells oral care products, primarily toothbrushes, electric toothbrushes and other related products under the trademark PEARLY.

14. In addition to LaRochell's common law rights in the LaRochell PEARLY Marks, Plaintiff LaRochell owns all rights, title and interest in U.S. Trademark Registration No. 6,232,120 for the mark PEARLY and U.S. Trademark Registration No. 6,359,658 for the mark PEARLY and Design, both covering "Body and beauty care cosmetics; Cosmetic preparations; Cosmetics; Cosmetics and cosmetic preparations; Dentifrices; Non-medicated cosmetics; Non-medicated dentifrices; Pore tightening mask packs used as cosmetics; Toothpaste; Toothpastes" in Class 3 and "Toothbrushes; Electric toothbrushes" in Class 21 (collectively, the "PEARLY Registrations").

15. Since at least as early as 2017, LaRochell has continuously marketed and sold toothbrushes in commerce under its LaRochell PEARLY Marks.

16. LaRochell's Federal trademark registrations of the LaRochell PEARLY Marks serve as nationwide constructive notice of LaRochell's rights in those Marks.

17. As a result of its longstanding and extensive use, registration, and enforcement of its rights in the LaRochell PEARLY Marks, those trademarks have become well-known for use in connection with LaRochell's toothbrush products. As a result of its high-quality products, extensive promotion, and nationwide sales, LaRochell has developed significant consumer recognition and valuable goodwill in the LaRochell PEARLY Marks.

18. LaRochell sells products under the LaRochell PEARLY Marks in this State at dental clinics called Glamorous Smile Dental Spa ("Glamorous Spa"), operated by the co-presidents of LaRochell, and nationwide through its own online retail website at www.larochellbeauty.com.

19. LaRochell has spent considerable time and expense building its brand and in developing goodwill in the LaRochell PEARLY Marks and considers the LaRochell PEARLY Marks to be an extremely valuable asset. LaRochell has also engaged in significant advertising and promotion of products under the LaRochell PEARLY Marks.

20. Because of LaRochell's longstanding use and promotion of the LaRochell PEARLY Marks, those marks are recognized and associated by relevant consumers as identifying LaRochell's products and services and distinguishing them from others. LaRochell's PEARLY Registrations for the LaRochell PEARLY Marks are valid and subsisting in full force and effect.

**<u>Defendants' Use of the Infringing Mark and Unfair Competition</u>**

A. ***<u>Defendant Beaming White's Infringing Conduct</u>***

21. Defendant Beaming White sells electric toothbrushes using an Infringing Mark, using the identical word "Pearly," and selling in direct competition with LaRochell.

22. Defendant Beaming White had actual knowledge of LaRochell's prior and existing rights in the LaRochell PEARLY Marks, but nevertheless chose to continue to sell a product with an identical and confusingly identical mark for the same products.

23. The Infringing Mark appears prominently on the goods and packaging for the goods in connection with the sale of toothbrushes as shown below:




24. Upon information and belief, prior to August 2022, Defendant Beaming White marketed and sold its toothbrushes bearing the Infringing Mark on their own online retail website located at https://pearlybabe.com/. Upon information and belief, prior to the Court's consent injunction Defendant Beaming White continues to promote, market and/or sell their toothbrushes bearing the Infringing Mark via third party retailers and/or widely-used social sites such as Facebook.

25. The Infringing Mark consists of the identical word "Pearly" appearing in the

LaRochell PEARLY Marks, using the same appearance, sound, and overall commercial impression.

26. The products that Defendant Beaming White offers under the Infringing Mark are identical to the goods offered under the LaRochell PEARLY Marks and which are covered by the PEARLY Registrations.

27. Defendant Beaming White markets and sells their products under the Infringing Mark to the same class and types of consumers as Plaintiff LaRochell.

28. Defendant Beaming White's use of the Infringing Mark is likely to continue to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of their products. This confusion is likely to damage LaRochell's goodwill and business reputation on an ongoing basis.

29. On November 2, 2020, Beaming White applied to register the Infringing Mark (the "Beaming White Application") with the United States Patent & Trademark Office (the "USPTO"). In an office action dated April 5, 2021, the USPTO refused the Beaming White Application "because of a likelihood of confusion with the mark in U.S. Registration No. 6232120." U.S. Registration No. 6232120 is one of the PEARLY Registrations granted to LaRochell.

30. Defendant Beaming White did not file a response to the USPTO's refusal to register the Infringing Mark, and the Beaming White Application was abandoned. As of at least April 5, 2021, Defendants were on notice of a likelihood of confusion between—at a minimum—the Infringing Mark and LaRochell's U.S. Registration No. 6232120 by virtue of the USPTO's April 5, 2021, Office Action. Nevertheless, Defendant Beaming White continued to sell directly competing toothbrushes bearing the Infringing Mark.

31. On March 11, 2022, LaRochell, through its counsel, sent Defendants a cease-and-desist letter regarding the LaRochell PEARLY Marks, further alerting Defendants to the PEARLY Registrations and LaRochell's trademark rights in the LaRochell PEARLY Marks, and requesting that Defendants immediately cease any and all use of the Infringing Mark, among other things.

32. Defendants initially responded to LaRochell's cease and desist letter by purporting to agree to cease use after a short sell-off period; however, that initial purported agreement was belied by at least the following: (A) Defendants' repeated attempts over weeks to lengthen the sell-off period and (B) extended periods in which Defendants would not respond to LaRochell's attempts to finalize an agreement between the parties.

B. ***Defendants' Unicorn Tribe, Boxy Charm, and FabFitFun Infringing Activities***

33. Upon information and belief, Defendant Beaming White entered into consignment sales agreement with Defendants Unicorn Tribe, Boxy Charm, and FabFitFun (hereinafter "Retailer Defendants").

34. Defendant Unicorn Tribe is an online retailer that sells women's clothing and other accessories. Defendants Boxy Charm and FabFitFun are subscriber-based services, wherein a customer purchases a subscription and receives a curated box of items on a predetermined schedule.

35. Upon information and belief, prior to the entrance of the Court's order, Unicorn Tribe offered the product with the Infringing Mark for sell for $79.99 per item.

36. Upon information and belief, both Defendants Boxy Charm and FabFitFun included the products with the Infringing Mark in subscription boxes.

37. Boxy Charm distributes its subscription boxes once a month for $27.99 a box.

38. FabFitFun distributes its subscription boxes four times a year for $59.99 a box, or $219.99 for an annual subscription.

39. Retailer Defendants market and sell the product under the Infringing Mark to the same class and types of consumers as Plaintiff LaRochell.

40. Retailer Defendants' use of the Infringing Mark is likely to continue to cause confusion, mistake, or deception as to the source or origin, sponsorship or approval of their products. This confusion is likely to damage LaRochell's goodwill and business reputation on an ongoing basis.

41. Retailer Defendants possessed constructive notice of LaRochell's PEARLY Marks, as they are publicly accessible on the USPTO's trademark database, as well as offered for sale on the LaRochell website.

42. LaRochell first became aware of Defendants use of the Infringing Mark in or about January or February 2022, when a patient at a Glamorous Spa location incorrectly purchased an electric toothbrush bearing the Infringing Mark, mistakenly believing that Defendants' infringing product was actually LaRochell's PEARLY-branded product because the Defendants' infringing product used the identical word "Pearly" appearing in the LaRochell PEARLY Marks.

43. At no time has LaRochell licensed, consented to, or authorized the use of the LaRochell PEARLY Marks by Defendants, and Defendants adopted the Infringing Mark without LaRochell's consent.

**COUNT ONE:**
**(Federal Trademark Infringement – 15 U.S.C. § 1114(1))**

44. LaRochelle repeats and incorporates the allegations in the foregoing paragraphs of this Verified Complaint.

45. As alleged more fully herein, the USPTO has granted LaRochell the PEARLY Registrations for the LaRochell PEARLY Marks.

46. Defendant Beaming White, LLC, under the ownership, direction, and control of Defendant Lajous, has used the Infringing Mark without authorization, both by selling the products with the Infringing Mark directly on their site <pearlybabe.com>, and by entering into agreements with the Retailer Defendants for further sale of the products with the Infringing Marks.

47. By Defendants' unauthorized use of the Infringing Mark, Defendants intentionally and knowingly used and continue to use in commerce reproductions, copies and/or colorful imitations of the LaRochell PEARLY Marks in connection with the sale, offering for sale, distribution, promotion and/or advertising of directly competing goods in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, sponsorship, connection or association with LaRochell.

48. Defendants' use of the Infringing Mark constitutes trademark use, which is not merely descriptive, but instead has created a likelihood of confusion among consumers who will mistakenly believe that Defendants are associated with LaRochell or that LaRochell has sponsored or otherwise approved of Defendants' use of the Infringing Mark in relation to Defendants' goods or commercial activities.

49. Defendants' continued and knowing use of the Infringing Mark without LaRochell's consent or authorization constitute intentional infringement of LaRochell's Federally-registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. As a direct and proximate result of Defendants' infringement, LaRochell has suffered, is suffering and will continue to suffer, irreparable harm, irreparable injury to its

business, reputation and goodwill, as well as monetary loss.

51. LaRochell is entitled to preliminary and permanent injunctive relief, in addition to monetary damages, preventing Defendants' continued, ongoing infringement of LaRochell's rights in the LaRochell PEARLY Marks, as LaRochell has no adequate remedy at law for the above immediate and continuing harm.

## COUNT TWO
### (Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

52. LaRochell repeats and incorporates the allegations of the foregoing paragraphs of this Verified Complaint.

53. Defendant Beaming White's use of the Infringing Mark in the manner alleged herein, under the direction, control, and ownership of Defendant Lajous, and Retailer Defendant's use constitute false designation of origin within the meaning of Section 43(a)(1)(A) of the Lanham Act, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, source, origin, authorization, sponsorship, or approval of Defendants' commercial activities with respect to the LaRochell PEARLY Marks.

54. The purchasing public is likely to attribute to LaRochell the Defendants' use of the Infringing Mark as a source of origin, authorization, and/or sponsorship for the products Defendant Beaming White sells and, further, purchase products from Defendants in the erroneous belief that Defendants are authorized by, associated with, sponsored by, or affiliated with LaRochell, when Defendants are not.

55. Defendants' use of the Infringing Mark constitutes intentional conduct by Defendants to make false designations of origin and false deceptions about Defendants' goods and services and commercial activities in violation of 15 U.S.C. § 1125(a).

56. Defendants' actions have created and will continue to create a likelihood of confusion among consumers who will falsely believe that the goods Defendants offer in connection with the Infringing Marks are produced by, or affiliated or associated with, LaRochell, when in fact they are not.

57. Upon information and belief, Defendants have acted knowingly, deliberately, and willfully, with the intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade on LaRochell's high-quality reputation, and/or to appropriate improperly to themselves the valuable trademark rights of LaRochell.

58. Defendants' unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendants have directed their marketing activities in New Jersey and elsewhere. Defendants' actions are material in that they are likely to influence consumers to purchase products from Defendants and cause competitive and other commercial injuries to LaRochell.

59. Because Defendant Beaming White had both constructive and actual notice of LaRochell's rights, and Retailer Defendants having constructive notice of their rights, in the LaRochell PEARLY Marks yet have continued using the Infringing Mark, Defendants' conduct is willful, wanton, and egregious.

60. As a direct and proximate result of Defendants' infringement, LaRochell has suffered, is suffering and will continue to suffer, irreparable injury to its business, reputation and goodwill. Accordingly, LaRochell is entitled to preliminary and permanent injunctive relief.

61. In addition to injunctive relief, LaRochell is entitled to monetary relief for its monetary loss.

## COUNT THREE

**(New Jersey Common Law Trademark Infringement and Unfair Competition)**

62. LaRochell repeats and incorporates the allegations of the foregoing paragraphs of this Verified Complaint.

63. Defendant Beaming White, under the direction, control, and ownership of Defendant Lajous, is a competitor of LaRochell in the toothbrush industry, and Retailer Defendants are competitors in the personal care and beauty industry.

64. LaRochell has not consented to Defendants' use of the Infringing Mark.

65. By placing an equivalent of the LaRochell PEARLY Marks to advertise and market their own products, Defendants have engaged in deceptive or fraudulent conduct.

66. Defendants' deceptive and misleading use of an equivalent of LaRochell PEARLY Marks to promote, sell and market their own products is likely to cause consumer confusion as to the source, sponsorship or affiliation of Defendants' products.

67. Defendants have traded unfairly upon LaRochell's goodwill and reputation and continue to do so.

68. Defendants' conduct alleged above constitutes common law trademark infringement and unfair competition with LaRochell in violation of the common laws of the State of New Jersey.

69. Defendants' deceptive and misleading use of an equivalent of LaRochell's PEARLY Marks has caused, is causing and will continue to cause severe irreparable harm to LaRochell including loss of goodwill, loss and/or diminution of competitive position in the marketplace and/or the ability to compete in the market, loss of ability to provide unique products, loss of reputation, loss of current and future customer relations, and loss of profits for which there is no adequate remedy at law or ability to collect damages. As such, and pursuant to

the law of equity, LaRochell is entitled to immediate and permanent injunctive relief to prevent further tortious acts.

70. In the alternative, Defendants' deceptive and misleading use of an equivalent of the LaRochell PEARLY Marks have caused damages to LaRochell in an amount to be proven at trial.

## DEMAND FOR RELIEF

**WHEREFORE**, LaRochell demands that a judgment be entered against Defendants granting the following relief:

A. An order determining that Defendants are infringing the LaRochell PEARLY Marks and are competing unfairly with LaRochell;

B. An order preliminarily and permanently enjoining Defendants, Defendants' officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and all persons acting in concert or participation with Defendants from using, adopting, manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, storing or distributing goods, products or services using the Infringing Mark or confusingly similar variations thereof or any other marks that infringe the LaRochell PEARLY Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags);

C. An order awarding LaRochell damages and Defendants' profits attributable to Defendants' infringement of the LaRochell PEARLY Marks under 15 U.S.C. § 1117(a);

D. An order awarding LaRochell three times the profits attributable to Defendants'

infringement of the LaRochell PEARLY Marks under 15 U.S.C. § 1117(a);

E. An order awarding LaRochell its reasonable attorneys' fees and costs of suit, under 15 U.S.C. § 1117(a) and any other applicable law;

F. An order for an accounting to determine: (i) the amount of a constructive trust to be established for the benefit of LaRochell, reflecting the value of Defendants' unjust enrichment gained through its acts complained of herein; (ii) Defendants' profits attributable to Defendants' infringement of the LaRochell PEARLY Marks under 15 U.S.C. § 1117(a) and/or (iii) the amount and location of all extant inventory under Defendants' possession, custody or control of any products using the Infringing Mark or confusingly similar variations thereof or any other marks that infringe the LaRochell PEARLY Marks, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags);

G. An order awarding LaRochell prejudgment and post-judgment interest on any monetary award and

H. An order granting LaRochell such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff LaRochell hereby demands a jury trial on all issues triable by jury.

Dated: November 28, 2022

By: ___________________________________

David Lin, Esq.
77 Sands St, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Plaintiff*