**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAROCHELL BEAUTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BEAMING WHITE, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 22-5398 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendant Luis Lajous's ("Lajous") Motion to Dismiss the Amended Complaint. (ECF No. 29.) Plaintiff LaRochell Beauty, LLC ("LaRochell") opposed (ECF No. 38), and Lajous replied (ECF No. 39). The Court has carefully considered the parties' submissions and decides the Motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the Motion.

**I.  BACKGROUND**

  LaRochell brought this action against Beaming White, LLC ("Beaming White"), Lajous, and third-party distributors, seeking damages, injunctive relief, and other relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et seq.*, and New Jersey law. (*See generally* Am. Compl., ECF No. 19.) LaRochell is a limited-liability company organized and existing under the laws of the State of New Jersey, and Beaming White is a Delaware limited-liability company with its principal place of business in Washington. (*Id.* at ¶¶ 2-3.)

LaRochell has a valid trademark filed with the U.S. Patent and Trademark Office (the "USPTO") that covers the mark PEARLY. (Patent/Trademark Form, ECF No. 2; Am. Compl. ¶ 13.) LaRochell sells oral care products under the PEARLY trademark. (Am. Compl. ¶ 13.) According to LaRochell, Beaming White adopted an identical and infringing PEARLY mark (the "Infringing Mark") that Beaming White sells through its third-party distributors. (*Id.* ¶ 1.) LaRochell alleges that Beaming White, "under the ownership, direction, and control of . . . Lajous," applied to register the Infringing Mark with the USPTO, but the USPTO refused the application "'because of a likelihood of confusion with' . . . one of the PEARLY Registrations granted to LaRochell." (*Id.* ¶¶ 29, 46.) Despite this refusal, LaRochell alleges that Beaming White "continued to sell directly competing [products] bearing the Infringing Mark." (*Id.* ¶ 30.) LaRochell alleges that it first became aware of Beaming White's use of the Infringing Mark when a customer "incorrectly purchased [a product] bearing the Infringing Mark, mistakenly believing that [the product] was actually LaRochell's PEARLY-branded product because [the product] used the identical word 'Pearly' appearing in the LaRochell PEARLY marks." (Am. Compl. ¶ 42.) LaRochell filed this action to prevent Beaming White from selling, promoting, marketing, and/or distributing products using the PEARLY mark. (*Id.* ¶ 1.)

Lajous is the "sole and managing member" of Beaming White and is a resident of Washington state. (Decl. of Luis Lajous ("Lajous Decl.") ¶¶ 1-2, ECF No. 29-2.) According to LaRochell, both Beaming White and Lajous "have engaged in trademark infringement and unfair competition." (Am. Compl. ¶ 11.) Lajous moves to dismiss the Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2),[1] improper venue under Rule

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

12(b)(3), failure to state a claim under Rule 12(b)(6), and *forum non conveniens*. (Def.'s Moving Br. 1, ECF No. 29-1.)

## II. LEGAL STANDARD

For purposes of a 12(b)(2) motion to dismiss for lack of personal jurisdiction, a "plaintiff must prove by affidavits or other competent evidence that [personal] jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotations and citations omitted). When the district court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie case of personal jurisdiction and . . . is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* at 96 (internal citations omitted). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.* (citation omitted). Due process allows for general or specific jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). A court has specific jurisdiction when the defendant has sufficient contacts with the forum, and the plaintiff's claims "arise out of or relate to" those contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (citation omitted). Applying that principle, the Third Circuit uses a three-part test, requiring a plaintiff to show that (1) the defendant purposefully availed itself of the forum, (2) the claims arise out of or relate to at least one of the defendant's activities, and (3) exercising personal jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir 2007).

## III. DISCUSSION

Lajous argues that the Amended Complaint is "bereft of any factual allegations that provide a basis for personal jurisdiction over [him] or that this District is the appropriate forum for any claims against him." (Def.'s Moving Br. 1.) Specifically, Lajous contends that he: (1) has no personal assets or property in New Jersey; (2) has no business interests in New Jersey; (3) does not pay taxes in New Jersey; (4) does not have any agents or employees in New Jersey; (5) has never had a residence or place of business in New Jersey; (6) does not have any personal business dealings in New Jersey; (7) has not personally sold any of the PEARLY products; and (8) has no recollection of ever traveling to New Jersey for business related to the PEARLY products. (*Id.* at 3.) Lajous alternatively argues that even if the Court finds that it has personal jurisdiction over him, the Amended Complaint should be dismissed for failure to state a claim. (*Id.* at 2.) Lajous contends that LaRochell has failed to allege sufficient facts that would enable this Court to "pierce the corporate veil" and hold Lajous individually responsible for Beaming White's alleged activities. (*Id.* at 11 (citing *Belmora LLC v. Am Priv. Label Prod., LLC*, No. 19-15365, 2020 WL 10181735, at *7 (D.N.J. May 12, 2020)).)

LaRochell alleges that this Court has personal jurisdiction over Beaming White and Lajous because: (1) Beaming White and Lajous do substantial business and have substantial and continuous contacts with New Jersey; (2) they regularly solicit business from, do business with, and/or derive revenue from consumers located in New Jersey; and/or (3) they have infringed LaRochell's federally-registered and common law trademarks by selling, offering to sell, distributing, promoting, and/or advertising their infringing goods in New Jersey.[2] (Am. Compl.

---

[2] LaRochell does not assert that this Court has general jurisdiction over Lajous. (*See* Pl.'s Opp'n Br. 4, ECF No. 38 ("There are two types of personal jurisdiction that allow a district court to hear a case . . . [LaRochell] here asserts specific jurisdiction.").)

¶ 9.) According to LaRochell, both Beaming White and Lajous "have engaged in trademark infringement and unfair competition." (*Id.* ¶ 11.) Specifically regarding Lajous, LaRochell contends that Lajous should be held accountable for the conduct of Beaming White because Beaming White acted "under Defendant Lajous'[s] direction, control, and to his personal benefit." (*Id.* ¶ 10.) LaRochell argues that Lajous's actions in his official capacity in New Jersey can be used to establish personal jurisdiction over him in an individual capacity in New Jersey. (Pl.'s Opp'n Br. 4.) LaRochell also contends that Beaming White "acted as an agent" for Lajous, and, therefore, Lajous "is liable as the principal director of those behaviors." (*Id.* at 4-5.)

Taking as true all of LaRochell's factual allegations and resolving all factual disputes in its favor, the Court finds that it does not have personal jurisdiction over Lajous for two reasons. *First*, LaRochell does not allege sufficient facts to demonstrate Lajous's conduct in New Jersey. *Second*, LaRochell does not allege sufficient facts to permit the Court to pierce the corporate veil and reach Lajous.

    **A.**    **LaRochell Does Not Sufficiently Allege Lajous's Conduct in New Jersey.**

As an initial matter, in its opposition, LaRochell relies heavily on the fact that Lajous is the "sole and managing member" of Beaming White. (*See* Pl.'s Opp'n Br. 5 ("Lajous is the sole managing member of . . . Beaming White. . . . All actions undertaken by . . . Beaming White were done at the discretion, control, and for the benefit of . . . Lajous."); 12 ("As . . . Lajous is the sole managing member of Beaming White . . . [LaRochell] has sufficiently alleged that the actions of the corporate entity Beaming White . . . were taken at the direction of . . . Lajous.").) LaRochell, however, does not allege this fact in the Amended Complaint; rather, LaRochell plucked this

statement from Lajous's Declaration in Support of the Motion to Dismiss.[3] (Lajous Decl. ¶ 1; *see generally* Am. Compl.)

In the Amended Complaint, LaRochell alleges minimal facts against Lajous specifically. (*See generally* Am. Compl.) Several times LaRochell alleges that Lajous in some way controlled Beaming White, however, most of these allegations are conclusory. (*Id.* ¶¶ 10, 46, 53, 63.) All other allegations are alleged in conjunction with Beaming White, and the Court is unable to discern what conduct is actually alleged against Lajous. Most notably, the Court is unable to discern who from Beaming White "applied to register the Infringing Mark . . . with the [USPTO]" and "continued to sell directly competing [products] bearing the Infringing Mark" even after the USPTO refused the application. (*Id.* ¶¶ 29, 30.) For these reasons, LaRochell does not include sufficient allegations in the Amended Complaint to support the claim that Beaming White's conduct was "under the ownership, direction, and control of" Lajous, and the Court is unable to discern what alleged conduct of Beaming White should be attributed to Lajous.

Bolstering this conclusion, Lajous argues that, while he is the sole and managing member of Beaming White, Beaming White also has other employees that manage different parts of the operation. According to Lajous, "[a]ll of Beaming White's employees reside in the states of Washington and Oregon[,]" and the agent that manages Beaming White's relationships with third-party distributors resides in California. (Def.'s Moving Br. 4.) This creates more doubt as to who from Beaming White engaged in the alleged conduct. Even accepting as true all allegations in the Amended Complaint, the Court is unable to conclude that Beaming White's conduct is solely at the direction of Lajous.

---

[3] The Court must only review facts alleged in the operative pleading. *See Bell Atl. Co. v. Twombly*, 550 U.S. 544, 547 (2007) (holding a complaint must contain "enough facts to state a claim to relief that is plausible on its face").

## B. The Court Cannot Pierce the Corporate Veil to Reach Lajous.

Even if the Court were able to impute Beaming White's conduct to Lajous, LaRochell has not alleged sufficient facts for the Court to pierce the corporate veil and reach Lajous. In general, a corporate officer is protected by the "corporate veil" and will not be individually liable for actions taken within the scope of the corporate role. *Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 552 (D.N.J. 2018) ("As a general rule, an individual whose contacts with the forum state are in his corporate capacity does not thereby become subject to jurisdiction in his individual capacity.") (internal quotation omitted); *Norben Imp. Co. v. Metro. Plant & Flower Corp.*, No. 05-0054, 2005 WL 1677479, at *5 (D.N.J. July 15, 2005); *see also Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984) (finding that personal jurisdiction is not proper over a corporate officer simply because personal jurisdiction is proper over the corporation itself). The Court may pierce the corporate veil to establish personal jurisdiction over a corporate officer, but the practice is disfavored. *Belmora*, 2020 WL 10181735, at *7 ("A corporation is an entity separate from its stockholders . . . [and] courts generally will not pierce the corporate veil to impose liability on corporate principals.") (alteration in original) (internal quotation omitted); *see Spotts Bros., Inc. v. Seraphim USA Mfg.*, No. 18-2235, 2019 WL 4267776, at *7 (M.D. Pa. Aug. 20, 2019) ("Exercising personal jurisdiction based upon piercing the corporate veil is disfavored because piercing the corporate veil is a disfavored practice which demands a specific and exact showing."). Here, the Amended Complaint is insufficient to pierce the corporate veil.

The Court's veil-piercing inquiry begins by first determining which state's law to apply in resolving the dispute. *Linus Holding Corp. v. Mark Line Indus.*, 376 F. Supp. 3d 417, 424 (D.N.J. 2019). To that end, the New Jersey Limited Liability Company Act expressly provides as follows: "[t]he law of the state . . . under which a foreign limited liability company is formed governs . . .

the liability of a member as member and a manager as manager for the debts, obligations, or other liabilities of the company." *Id.* (quoting N.J. Stat. Ann. § 42:2C-57(a)(2) (2012) (alteration in original). Courts in this District, however, often use the law of "the state that has the most significant connections with the parties and the transaction." *Mark IV Transp. & Logistics, Inc. v. Lightning Logistics, LLC*, No. 09-6480, 2014 WL 7073088, at *3 (D.N.J. Dec. 15, 2014); *Torus U.S. Servs., Inc. v. Hybrid Ins. Agency, LLC*, No. 14-1630, 2015 WL 6445788, at *4 n.9 (D.N.J. Oct. 15, 2015). Based on these considerations, here, the veil-piercing analysis may be governed by the laws of Washington or Delaware, wherein Beaming White is incorporated and holds a principal place of business, or New Jersey, wherein the products with the allegedly Infringing Mark were sold. (Am. Compl. ¶¶ 3, 9.) The parties here do not disagree that New Jersey law should apply. (*See* Def.'s Moving Br. 25 (citing New Jersey law); Pl.'s Opp'n Br. 11-12 (citing New Jersey law).)

Under New Jersey law, a plaintiff must show two elements to pierce the corporate veil. "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Belmora*, 2020 WL 10181735, at *7 (quoting *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (internal quotation omitted).

In determining whether a unity of interest and ownership exists under the first prong, courts consider:

> [G]ross undercapitalization[;] failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is

8

>merely a facade for the operations of the dominant stockholder or stockholders.

*Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (internal citation and quotation marks omitted); *Belmora*, 2020 WL 10181735, at *7. This Court has recognized a unity of interest when individuals co-mingled personal bank accounts with corporate accounts and used the corporation as a façade to defraud customers into buying their product. *Juul Labs, Inc. v. 4x Pods, Eonsmoke, LLC*, No. 18-15444, 2021 WL 62316, at *7-8 (D.N.J. Jan. 7, 2021) (finding that the Court may pierce the corporate veil to hold two out-of-state individuals liable for using an LLC to defraud customers in New Jersey); *see also United States v. Pisani*, 646 F.2d 83, 87-88 (3d Cir. 1981).

Under the second prong, even in instances where one individual shareholder or director dominates the corporate entity, "liability generally is imposed only when the [dominant party] has abused the privilege of incorporation by using the [corporate form] to perpetrate a fraud or injustice, or otherwise to circumvent the law." *State Dep't of Env't Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (D.N.J. 1983). The Court holds this "fraud or injustice" to a "less exacting standard" than proving common law fraud or injustice. *Pappas Bus. Servs.*, 646 F. Supp. 2d at 679.

Here, LaRochell falls short at element one. LaRochell has not adequately pleaded or proven any of the factors typically relied upon to justify piercing the corporate veil—undercapitalization, failure to adhere to corporate formalities, or substantial intermingling of corporate and personal affairs. (*See Spotts*, 2019 WL 4267776, at *7; *see generally* Am. Compl.) LaRochell repeatedly alleges that Beaming White was "under the ownership, direction, and control of" Lajous (*see e.g.*, Am. Compl. ¶ 46), but "[t]he separate corporate existence will not be set aside merely on a showing of common management or whole ownership." *In re Philips Petroleum Secs. Litig.*, 738 F. Supp. 825, 838 (D. Del. 1990). LaRochell must do more than make conclusory allegations regarding

Lajous's relationship to Beaming White.[4] *See Kepner-Tregoe, Inc. v. Tracy Learning, Inc.*, No. 08-1627, 2009 WL 235044, at *3 (D.N.J. Jan. 29, 2009).

LaRochell likely alleges sufficient facts to support element two to pierce the corporate veil. LaRochell alleges that that Lajous used Beaming White to sell products with the Infringing Mark in New Jersey. This can be sufficient to satisfy element two. *See Juul Labs, Inc.*, 2020 WL 2029327, at *8 (finding that the plaintiff met the second element where it plausibly plead sufficient facts that "the corporate form was used to infringe upon [the plaintiff's] mark and potentially create confusion in the marketplace . . ."). Because LaRochell does not, however, satisfy element one, the Court grants Lajous's Motion.

## IV.    CONCLUSION

For the reasons stated above, the Court grants Lajous's Motion to Dismiss. An Order consistent with this Memorandum Opinion will issue.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court recognizes that this matter has not proceeded to discovery. While Defendants have produced sufficient facts to refute personal jurisdiction, if LaRochell requires jurisdictional discovery to adequately plead personal jurisdiction, it may request it from the Court.