David Lin, Esq.
David@iLawco.com
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
*Attorney for Plaintiff LaRochell Beauty, LLC and Counterclaim-Defendants Ayman Khourshed and Sally Alkamary*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAROCHELL BEAUTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BEAMING WHITE, LLC, BOXY CHARM, INC., and FABFITFUN, INC., <br><br> Defendants. | Case No. 3:22-cv-05398-MAS-JBD |
| BEAMING WHITE, LLC, <br><br> Counterclaim-Plaintiff <br><br> v. <br><br> LAROCHELL BEAUTY LLC, AYMAN A. KHOURSHED, and SALLY I. ALKAMARY, <br><br> Counterclaim-Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS** |

# TABLE OF CONENTS

PRELIMINARY STATEMENT ........................................................... 1

RELEVANT FACTUAL BACKGROUND.......................................... 2

STANDARD OF REVIEW ................................................................ 3

LEGAL ARGUMENT......................................................................... 4

   I.    Beaming White has Failed to State a Claim for Tortious Interference .............................. 4

      A. *The Inclusion of Retailer Defendants has a Valid Legal Basis and Cannot Meet the Requirement of Malice*............................................................... 5

      B. *No Pattern of Frivolous or Vexatious Litigation Exists to Support Tortious Interference*............................................................... 7

   II.    Beaming White Has Only Alleged Speculative, Conclusory Allegations that Cannot Support Cancellation of LaRochell's Trademarks .................. 8

      A. *The Label Affixation of LaRochell's Specimen of Use Cannot Support an Allegation of Fraud* ............................................................... 10

      B. *LaRochell's Development of Product and Packaging Cannot Support Fraud Claim*.. 11

      C. *Cancellation Cannot be Based on Non-Use of a Single Class of Goods of a Multi-Class Trademark*............................................................... 13

   III.    Piercing the Corporate Veil to Reach Individual Defendants is Inappropriate and Futile 14

      A. *As No Valid Claim Exists Against the Corporation, No Valid Claim Exists Against the Individual Defendants*............................................................... 14

      B. *Beaming White Has Not Alleged Circumstances Warranting the Disregard of Corporate Formalities*............................................................... 15

      C. *Beaming White Cannot Rely on Statements Made in Settlement Negotiations to Create Liability*............................................................... 16

CONCLUSION ................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Altisource S.A.R.L. v. Szumanski*, No. CV 21-3293 (RK) (JBD), 2024 WL 2796446 (D.N.J. May 31, 2024)......................................................................................................................................... 7

*Am. Bell Inc. v. Fed'n of Tel. Workers of Pennsylvania*, 736 F.2d 879 (3d Cir. 1984).............. 15

*Argueta v. U.S. Immigration & Customs Enforcement*, 643 F. 3d 60 (3d Cir. 2011).................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) .............................................................. 3

*Bayer Healthcare LLC v. Second Stone Enters. LLC*, No. CV 24-7618 (MAS) (JBD), 2025 WL 1531237 (D.N.J. May 29, 2025).................................................................................................. 7, 8

*Bd. of Trustees of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164 (3d Cir. 2002)........................................................................................................................................... 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).............................................. 3

*Brownsville Golden Age Nursing Home, Inc. v. Wells*, 839 F.2d 155 (3d Cir. 1988) ................... 6

*Burtch v. Milberg Factors, Inc.*, 662 F. 3d 212 (3d Cir. 2011) ..................................................... 3

*Cambria Co. LLC v. Hirsch Glass Corp.*, No. CV2110092MASJBD, 2023 WL 6387680 (D.N.J. Sept. 29, 2023) ............................................................................................................................ 17

*Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016)........................................................ 3

*G&W Lab'ys, Inc. v. G W Pharma Ltd.*, 89 U.S.P.Q.2d 1571 (T.T.A.B. 2009) .......................... 13

*Hanover 3201 Realty, LLC v. Vill. Supermarkets., Inc.*, 806 F.3d 162 (3d Cir. 2015).................. 7

*In re Bose Corp.*, 580 F. 3d 1240 (Fed. Cir. 2009)....................................................................... 9

*In re E Z Products, Inc.*, Serial No. 87906813 (TTAB Oct. 21, 2021) ........................................ 11

*In re Siny Corp.*, 920 F.3d 1331 (Fed. Cir. 2019)........................................................................ 12

*In re Sones*, 590 F. 3d 1282 (Fed. Cir. 2009)............................................................................... 11

*Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, No. CV177106KMCLW, 2020 WL 4932547 (D.N.J. Aug. 24, 2020) ............................................................................................................................. 7

*Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982)6

*L&M Healthcare Commc'ns LLC v. Pantano*, No. CV 22-481 (JKS)(AME), 2023 WL 9604290, (D.N.J. Dec. 29, 2023), report and recommendation adopted, No. CV 22-00481-JKS-AME, 2024 WL 3219217 (D.N.J. June 28, 2024) ................................................................................... 4

*Lamorte Burns & Co. v. Walters*, 167 N.J. 285, 770 A.2d 1158 (2001) ....................................... 6

*Marshak v. Treadwell*, 240 F.3d 184 (3d Cir. 2001) ................................................................... 14

*Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902 (3d Cir. 1997)................................................. 3

*MPC Franchise, LLC v. Tartino*, 826 F.3d 653 (2d Cir. 2016) .................................................... 9

*Nostrame v. Santiago*, 213 N.J. 109, 61 A. 3d 893 (2013)........................................................... 5

*NVR, Inc. v. Davern*, No. 15-5059 (NLH/KMW), 2016 WL 7013459, (D.N.J. Nov. 30, 2016).... 8

*Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105 (D.N.J. Aug. 18, 2009)........................................................................................................................................... 4, 6

*Papasan v. Allain*, 478 U.S. 265 (1986) ....................................................................................... 3

*Philadelphia's Church of Our Savior v. Concord Twp.*, Civ. No. 03-1766, 2004 WL 1824356 (E.D. Pa. July 27, 2004) .............................................................................................................. 17

*Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 563 A. 2d 31 (1989)................. 4

*Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993)......................................................................................................................... 7

*RJ Brands, LLC v. Bloomberg, L.P.*, No. CV 21-1908, 2022 WL 683082 (D.N.J. Mar. 8, 2022). 9

*Sean Wood, L.L.C. v. Hegarty Grp., Inc.*, 422 N.J. Super. 500, 29 A.3d 1066 (App. Div. 2011) 14

*SmileDirectClub, LLC v. Berkely*, No. SACV181236JVSKESX, 2018 WL 8131096 (C.D. Cal.

Oct. 26, 2018) ....................................................................................................... 13

*State Dep't of Envtl. Protect v. Ventron Corp.*, 94 N.J. 473, 468 A.2d 150 (1983) .................... 15

*Teal Bay Alls., LLC v. Southbound One, Inc.*, No. CIV. A. MJG-13-2180, 2015 WL 401251 (D. Md. Jan. 26, 2015) ................................................................................................. 12

*Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188 (3d Cir. 2003) ............................................................................................ 15, 16, 17

*Varrallo v. Hammond Inc.*, 94 F. 3d 842 (3d Cir. 1996) ...................................................... 4

*Washington v. Pac. Summit Energy LLC*, Civ. No. 20-290, 2021 WL 229653 (S.D. Tex. Jan 21, 2023) ..................................................................................................................... 17

*Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295 (D.N.J. 2005), aff'd sub nom. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012). ............................................. 10

*Zubik v. Zubik*, 384 F.2d 267 (3d Cir. 1967) ................................................................ 15

**Statutes**

15 U.S.C. § 1119 ......................................................................................................... 1

15 U.S.C. § 1127 ....................................................................................................... 11

15 U.S.C. § 1501 ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2, 3, 18

Fed. R. Civ. P. 9(b) .................................................................................................... 9

Fed. R. Evid. 408(a)(2) ............................................................................................. 17

## PRELIMINARY STATEMENT

Defendant Beaming White, LLC ("Defendant" or "Beaming White)'s First Amended Counterclaims have failed to state claims for cancellation of a trademark and tortious interference with prospective economic advantage against Plaintiff LaRochell Beauty LLC ("LaRochell" or "Plaintiff"), Sally I. Alkamary ("Alkamary"), and Ayman A. Khoursed ("Khoursed," with Alkamary "Individual Defendants" and collectively with LaRochell and Khoursed "Counterclaim-Defendants").

Beaming White's claim for tortious interference with prospective economic advantage similarly fails, as it is premised on the inclusion of Unicorn Tribe, Boxy Charm, Inc., FabFitFun, Inc., (collectively the "Retailer Defendants") in the instant lawsuit. However, there is no legal basis to allege tortious interference based on a valid use of the court system.

Beaming White submits a cause of action for cancellation of LaRochell's federally registered marks, U.S. Reg. No. 6,232,120 ("'120 Registration") and U.S. Reg. No. 6,359,658 ("'658 Registration"), pursuant to 15 U.S.C. § 1119 based on perceived fraud in the specimens LaRochell submitted. These specimens, Beaming White alleges, are dispositive of fraud on the United States Patent and Trademark Office ("USPTO") and allege that none of the classes registered in the two trademark applications were then in use by LaRochell. However, the scant basis of fraud amounts to no more than brazen, conclusory speculation, and the argument is lacking both factual and legal foundations.

Beaming White seeks to include Individual Defendants as parties to these claims, alleging that the drastic measure of piercing the corporate veil should be taken to hold them individually liable. This argument also fails, as no claim can stand against Alkamary and Khoursed individually, for even if the corporate veil were to be pierced, no valid claim exists against the

corporation. Troublingly, Beaming White attempts to bolster its claim by disclosing confidential settlement discussions in its allegations, which is not only improper but still cannot justify removing corporate formalities.

For these reasons and those set out more fully below, the Court should grant Counterclaim-Defendant's Motion and dismiss the First Amended Counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## RELEVANT FACTUAL BACKGROUND

LaRochell holds two federal trademark registrations for the trademark PEARLY, each filed on May 24, 2020, and covering two international classes of goods, Class 3 and Class 21. Importantly, in both registrations, the goods in Class 21 are described as "Toothbrushes; Electric Toothbrushes." LaRochell has used the trademark PEARLY in connection with toothbrushes and electric toothbrushes since June 1, 2017, and used it in commerce at least since November 20, 2019. On September 2, 2022, LaRochell filed a Complaint against Beaming White alleging trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1501, et seq., based on Beaming White's sale of infringing products bearing LaRochell's Pearly mark (ECF No. 1). As alleged in the Complaint, despite Beaming White's actual knowledge of LaRochell's products and the associated mark, it began and continued selling electric toothbrushes, like LaRochell, with a mark identical to LaRochell's. *See id.* On November 28, 2022, Plaintiff filed its First Amended Complaint, including the Retailer Defendants as defendants, because, as alleged, their knowledge and sale of infringing products purchased from Beaming White also created liability (ECF No. 19).

On January 9, 2023, Beaming White filed an Answer and Amended Counterclaims against LaRochell seeking cancellation of its trademark registrations and for tortious interference with

prospective economic advantage (ECF No. 28). After motion practice, on May 22, 2025, Beaming White filed its First Amended Counterclaims with the same claims including Alkamary and Khourshed as Counterclaim-Defendants, and arguing the corporate veil should be pierced to hold them personally liable (ECF No. 103, the "Counterclaims" or "CC").

## STANDARD OF REVIEW

For pleadings to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). A claim is facially plausible when the claims plead contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "plausibility standard" requires the claims to allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

Further, the Counterclaim-Plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Pleading facts only consistent with liability, and nothing more, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 786.

While allegations contained in a pleading are entitled to the assumption of truth on a motion to dismiss, that is not the case for legal recitations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Reiterations of the elements of a claim are legal conclusions and are not entitled to an assumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F. 3d 212, 224 (3d Cir. 2011). The Court is not required to credit "unwarranted deductions" of fact or "sweeping legal conclusions cast in the form of factual allegations". *Morse v. Lower Merion Sch. Dist.*, 132 F. 3d 902, 906 n. 8 (3d Cir. 1997).

Furthermore, the Court must consider the pleadings as a whole. *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F. 3d 60, 74 (3d Cir. 2011).

Beaming White has not and cannot meet this basic standard, as set out more fully below. Thus, even under the liberal standard articulated above, the Court must find that Beaming White has failed to state any viable cause of action against LaRochell, Alkamary, and Khourshed and must dismiss the Counterclaims entirely, or alternatively dismiss Individual Defendants from this lawsuit.

## LEGAL ARGUMENT

### I.    <u>Beaming White has Failed to State a Claim for Tortious Interference</u>

Beaming White has failed to state a claim against the Counterclaim-Defendants based on the inclusion of the Retailer Defendants in the instant lawsuit. The four elements of a claim for tortious interference with prospective economic advantage under New Jersey law are: "(1) a reasonable expectation of economic advantage to plaintiff, (2) interference done intentionally and with 'malice,' (3) causal connection between the interference and the loss of prospective gain, and (4) actual damages." *Varrallo v. Hammond Inc.*, 94 F. 3d 842, 848 (3d Cir. 1996) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 563 A. 2d 31 (1989)). Activity cannot, no matter its impact on another, be the basis of a tortious interference claim if the conduct was legal and proper. *See Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105, at *12 (D.N.J. Aug. 18, 2009) ("A defendant's purpose and means must be proper and not done with malice. Conduct provoked by spite and ill-will is not necessarily sufficient to rise to the level of malice.") (citations omitted); *L&M Healthcare Commc'ns LLC v. Pantano*, No. CV 22-481 (JKS)(AME), 2023 WL 9604290, at *10 (D.N.J. Dec. 29, 2023), report and recommendation adopted, No. CV 22-00481-JKS-AME, 2024 WL 3219217 (D.N.J. June 28, 2024) ("But, the fact

4

that a party acted to advance [its] own interest and financial position does not establish the necessary malice or wrongful conduct for a tortious interference claim.") (citations omitted). Additionally, a pleading of tortious interference must sufficiently state a basis for the elements of said claim. *See Nostrame v. Santiago*, 213 N.J. 109, 127-29, 61 A. 3d 893 (2013) (affirm dismissal of tortious interference claim because "plaintiff's complaint is based on nothing more than his unsupported suspicion").

### A. The Inclusion of Retailer Defendants has a Valid Legal Basis and Cannot Meet the Requirement of Malice

Here, the inclusion of the Retailer Defendants cannot form the basis of a tortious interference claim. Beaming White has failed to allege the required malice, and the inclusion of the Retailer Defendants is a valid legal claim. Beaming White alleges that "LaRochell, at the direction and control of Personal Defendants, filed its Amended Complaint to needlessly multiply these proceedings in attempt to gain leverage over Beaming White by suing its downstream resellers." CC ¶ 94. Beaming White further alleges that LaRochell "sued the reseller defendants in this action in an intentional and malicious effort to disrupt Beaming White's relationships […] The effect of Personal Defendants' conduct has been to disrupt and terminate certain relationships Beaming White has with the reseller defendants, while increasing legal expenditures for Beaming White". CC ¶¶ 97, 99.

However, the inclusion of valid parties to a lawsuit cannot be the basis for a tortious interference claim. The allegation that Beaming White has increased its own cost by agreeing to indemnify the Retailer Defendants is not a direct consequence of LaRochell's lawsuit, but rather a contractual obligation Beaming White entered into without the knowledge of LaRochell. CC ¶ 69. Further, there is a valid basis for including the known distributors of a product that infringes on LaRochell's. *See, e.g., Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854, 102 S. Ct. 2182,

2188, 72 L. Ed. 2d 606 (1982) ("Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorily responsible for any harm done as a result of the deceit"). There is no case law to support the claim alleged, namely that the valid inclusion of parties to a lawsuit can be the basis of a tortious interference claim.

Even if the Retailer Defendants are found to not be liable in the instant suit, their inclusion would still not reach the basis for alleging tortious interference, as the inclusion of valid parties to a lawsuit, even if unsuccessful, fails to meet the requisite malice requirement of a tortious interference claim. Malice requires that a claim be based on more than ill will or coincidental interference. *See Lamorte Burns & Co. v. Walters*, 167 N.J. 285, 306, 770 A.2d 1158, 1170 (2001) ("Malice is not used here in its literal sense to mean 'ill will;' rather, it means that harm was inflicted intentionally and without justification or excuse"). Thus, a claim validly brought, no matter the outcome, does not meet the malice standard as there is justification for the activity. This is because an activity cannot be the basis of a tortious interference claim when it is legally done. *See Pactiv Corp. v. Perk-Up, Inc.*, No. CIV. A. 08-05072 DMC, 2009 WL 2568105, at *12 (D.N.J. Aug. 18, 2009).

Furthermore, courts in this district have discussed how the valid use of the judicial system cannot be the basis for tort liability, but rather is conduct that should be protected. *See Brownsville Golden Age Nursing Home, Inc. v. Wells*, 839 F.2d 155, 160 (3d Cir. 1988) (Holding that the defendants actions could not be the basis of tort liability as "liability cannot be imposed for damage caused by inducing legislative, administrative, or judicial action" because using the judicial and legislative system to stop illegal conduct is protected and thus "cannot serve as the basis of tort

6

liability.").

This is analogous to antitrust cases and adjacent tortious interference cases where courts preclude liability based on First Amendment principles, which protect litigants' rights to bring forth valid claims. *Bayer Healthcare LLC v. Second Stone Enters. LLC*, No. CV 24-7618 (MAS) (JBD), 2025 WL 1531237, at *3 (D.N.J. May 29, 2025) ("The Court begins by considering whether the Counterclaims are precluded based on the Noerr-Pennington doctrine—a doctrine that places 'a First Amendment limitation on the reach of [antitrust]' and tortious interference claims.") (citing *Hanover 3201 Realty, LLC v. Vill. Supermarkets., Inc.*, 806 F.3d 162, 178 (3d Cir. 2015)); *Indivior Inc. v. Dr. Reddy's Lab'ys S.A.*, No. CV177106KMCLW, 2020 WL 4932547, at *7 (D.N.J. Aug. 24, 2020) ("*Noerr–Pennington* has been extended to provide immunity to private efforts to influence courts and agencies, whether federal or state, and has been held to shield plaintiffs from liability for pursuing state common law claims such as tortious interference with contract and tortious interference with prospective economic gain.") (internal citations omitted). The privilege applies unless the lawsuit or litigation conduct is without any merit or "objectively baseless". *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 113 S. Ct. 1920, 1922, 123 L. Ed. 2d 611 (1993) ("Litigation cannot be deprived of immunity as a sham unless it is objectively baseless"). The same principles apply here.

### B. Beaming White's Pleadings Do Not Support a Claim for Tortious Interference

To support a claim of tortious interference based on a lawsuit, there would need to be a pattern of abuse and frivolous cases, which is not available here. Courts have found that a litigation can be the basis of a tort claim only if it is outside the bounds of valid and standard practice. *See Altisource S.A.R.L. v. Szumanski*, No. CV 21-3293 (RK) (JBD), 2024 WL 2796446, at *6 (D.N.J. May 31, 2024) (denying a motion to dismiss based on an argument on the applicability of the

7

litigation privilege to tortious interference claims based on conduct during a lawsuit where all other arguments were waived). But litigation is only found to be a valid basis for a tortious interference claim when, as discussed above, the civil legal system is not being used in its regular capacity by the filing of multiple lawsuits, multiple vexatious motions, or where one party has refused to produce or alter evidence. *See NVR, Inc. v. Davern*, No. 15-5059 (NLH/KMW), 2016 WL 7013459, at *2 (D.N.J. Nov. 30, 2016) (denying motion to dismiss on tortious interference counterclaim based on litigation where plaintiff misled others about the nature of certain documents, told the defendant's employer [a competitor of plaintiff's] about confidential documents and depositions they "may be interested in", threatened opposing counsel, and repeatedly contacted defendant's employer during the course of litigation).

Furthermore, given that LaRochell's claims against the Retailer Defendants and against Beaming White have been brought in the same suit *i.e.*, there is a single lawsuit, Beaming White's counterclaim for tortious interference requires the lawsuit to be objectively baseless. *See Bayer Healthcare LLC*, 2025 WL 1531237, at *3.

No such "objectively baseless" lawsuit is at issue here, because based on the cases above and what Beaming White tries to allege, including the Retailer Defendants in this lawsuit is entirely premised on valid legal principles and substantive law; and Beaming White has not and cannot allege objectively baseless conduct or multiple lawsuits required for meeting the standard of tortious interference.

## II.    Beaming White Has Only Alleged Speculative, Conclusory Allegations that Cannot Support Cancellation of LaRochell's Trademarks

As to the remaining causes of action, Beaming White has failed to adequately allege a claim of cancellation due to fraud on the USPTO. A pleading of fraud must meet a heightened pleading standard: "Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to 'state

with particularity the circumstances constituting fraud or mistake.'" *RJ Brands, LLC v. Bloomberg, L.P.*, No. CV 21-1908, 2022 WL 683082, at *2 (D.N.J. Mar. 8, 2022); Fed. R. Civ. P. 9(b). "This is a higher standard than that imposed by Rule 12(b)(6)." *Id.* Beaming White has failed to meet the heightened standard required when pleading fraud.

Fraud against the USPTO "occurs when an applicant knowingly makes false, material representations of fact in connection with his application." *MPC Franchise, LLC v. Tartino*, 826 F.3d 653, 658 (2d Cir. 2016) (citations omitted). This requires the intent to deceive the USPTO; a mistake or misunderstanding does not reach this standard. *RJ Brands, LLC v. Bloomberg, L.P.*, No. CV 21-1908, 2022 WL 683082, at *3 (D.N.J. Mar. 8, 2022) ("Instead, 'a trademark is obtained fraudulently under the Lanham Act only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the [US]PTO'") (citing *In re Bose Corp.*, 580 F. 3d 1240, 1245 (Fed. Cir. 2009)). Beaming White points to two main categories of alleged fraudulent conduct: (1) LaRochell's hand-labeled specimens of use and (2) the registered classes. These allegations fail to meet the required elements of this cause of action, nor do they identify the alleged fraud with sufficient particularity. How is the hand-labeled specimen indicative of fraudulent use? In fact, Beaming White's speculation is contradicted by the content of Exhibit B to Beaming White's Counterclaims, which describes electric toothbrushes being purchased by/for LaRochell in October of 2016 with an express right to apply its trademark label "Pearly" on the manufactured product. *See* CC, Ex. B. The Counterclaims state "upon information and belief" that Counterclaim-Defendants submitted a third-party product (CC ¶ 77), and "does not make actual use of the 'Pearly' trademark in interstate commerce" (CC ¶ 79). Under Rule 9(b) of the Federal Rules of Civil Procedure, a pleading on "upon information and belief" requires setting forth of specific facts upon which the belief is reasonably based. "[I]t is well settled that Rule 9(b) applies

9

even when the fraud relates to matters within the knowledge of the defendant and that allegations based on information and belief do not satisfy Rule 9(b) unless the complaint sets forth the facts upon which the belief is founded." *Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 313 (D.N.J. 2005), aff'd sub nom. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012). No such reasonable support sufficient to meet the required standard has been provided in Beaming White's counterclaims. Instead, Beaming White's allegations are based on unsupported speculation.

Moreover, Beaming White's "upon information and belief" allegations not only fall short of the required standard to support the claims for cancellation of the trademarks, but they would require the Court to ignore the document presented in Beaming White's own Counterclaims. *See* CC, Ex. B.

### A. The Label Affixation of LaRochell's Specimen of Use Cannot Support an Allegation of Fraud

Beaming White points to the product specimen submitted with LaRochell's trademark application and claims that the specimen's labeling evidences fraud on the USPTO. Beaming White alleges that LaRochell "did not make a bona fide use of the 'Pearly' mark […] submitted a third-party product with modified labelling to the USPTO and passed the product off as LaRochell's own product for the purpose of intentionally deceiving the USPTO." CC ¶¶ 76- 77. Beaming White further alleges that the '120 Registration specimen contains "the labels are not straight, there is noticeable pealing [*sic*] and texture differences indicating an affixed label rather than genuine packaging." CC ¶ 18. However, the labels pointed to are simply homemade-looking labels–and, as confirmed by the registration of the marks, the specimens evidence the use of the PEARLY marks on a toothbrush (Class 21) and a toothpaste (Class 3). Beaming White however states that the fact that the labels appear to have been placed by hand and show slight imperfections,

meaning the labels were likely not placed by machines, means the specimens must be fraudulent. *Id.*

In constructing this argument, Beaming White repeatedly calls these specimens "third-party products" as if that contributes to the allegations of fraud. However, Beaming White has failed to allege why that would be the case, despite the particularity requirement when pleading fraud. Even if a trademark holder has another vendor manufacture their products for them and then affixes the labels themselves, there is no fraud or illegality on the trademark holder's part. *See In re E Z Products, Inc.*, Serial No. 87906813 (TTAB Oct. 21, 2021) (holding that a specimen with a label clearly hand-placed on top of a label was permitted for registration as a specimen of use). There is no law or case law to support the allegation that when a different manufacturer makes products for a trademark holder and the trademark holder personally affixes the labels, it evidences fraud and an intent to deceive or mislead the USPTO. *See In re Sones*, 590 F. 3d 1282, 1287 (Fed. Cir. 2009) ("To show such use, the mark must be 'placed in *any* manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto'") (quoting 15 U.S.C. § 1127) (emphasis added). No fraud has been appropriately alleged here. Instead Beaming White's allegation concerns a belief that LaRochell's products were not machine-labeled. Even if true, such conduct would not only fail to rise to the required intent to deceive the USPTO, but it would be totally proper under the law.

**B. LaRochell's Development of Product and Packaging Cannot Support Fraud Claim**

To bolster its claims, Beaming White also notes the differences in products from the time LaRochell submitted its specimen till now. The allegations continue that, "the toothbrush pictured in the specimen also differs significantly from the toothbrush that LaRochell currently purports to sell…" CC ¶ 19.

However, the specimen is not intended to bind the trademark holder to any one specific product design. Instead, the specimen is only intended to show use in commerce when submitted to the USPTO and how the mark will be used to identify products to the public, that is its sole legal significance. *See In re Siny Corp.*, 920 F.3d 1331, 1335 (Fed. Cir. 2019) ("The U.S. Patent and Trademark Office (PTO) requires an applicant to submit a specimen of use showing the mark as used on or in connection with the goods.") (citations omitted); *Teal Bay Alls., LLC v. Southbound One, Inc.*, No. CIV. A. MJG-13-2180, 2015 WL 401251, at * 8 (D. Md. Jan. 26, 2015) ("Specimens are required because they show the manner in which the mark is seen by the public.") (citing Trademark Man. Of Exam. Proc. ("TMEP" 904)). A product later changing from said specimen is not evidence of fraud on the USPTO at the time of application, or a sign of any intentional malfeasance as required; rather, it is simply the regular lifecycle development of a product. This change over time from the product as seen in the initial specimen is not evidence of fraud on the USPTO and falls quite far from the required intent to deceive. Furthermore, later changing a product cannot show the intent to deceive the USPTO at the time of application. Thus, a trademark holder later designing a new product has no legal significance on a potential claim of fraud on the USPTO at the time of application.

Lastly, Beaming White's allegations bring forth the current toothpaste bottle design advertised on LaRochell's website. CC ¶ 25. This product design did not exist at the time of the trademark applications and was not directed at or seen by the USPTO, and thus, cannot be used to show the contemporaneous intentional fraud on the USPTO required to uphold a cancellation claim. The visual aids provided by Beaming White only demonstrate that LaRochell sells toothbrushes that use the federally registered PEARLY character mark and the federally registered PEARLY design mark granted by the '120 and '658 Registrations, respectively. *See id.* 16, 18, 19.

12

### C. Cancellation Cannot be Based on Non-Use of a Single Class of Goods of a Multi-Class Trademark

Beaming White next seeks cancellation of '120 and '658 Registrations, alleging that LaRochell did not use the mark in commerce in any of the listed classes. CC ¶¶ 79, 89. This is despite the 2016 purchase order LaRochell received for electric toothbrushes for labeling and then use in interstate commerce, as evidenced by the specimen LaRochell submitted on May 24, 2020 (CC, Ex. B) and despite LaRochell's continued use as evidenced by LaRochell's website (*see* CC, ¶¶ 19, 22). As such, LaRochell's use of the "PEARLY" mark on electric toothbrushes, as described in the International Class 21 in the '120 and '658 Registrations, destroys Beaming White's argument for cancellation as a matter of law.

Specifically, non-use of a single claimed class of goods, when other classes are in use in commerce, is not a valid legal basis to cancel an entire registration. *G&W Lab'ys, Inc. v. G W Pharma Ltd.*, 89 U.S.P.Q.2d 1571 (T.T.A.B. 2009) ("Pharma's contention that fraud as to one class of a multiple class registration subjects the entire registration to cancellation is incorrect. The line of cases to have considered fraud since *Medinol* has involved single-class applications or registrations. These cases have consistently held that fraud as to any goods or services in a single class will lead to a finding that the application or registration is void in the class in which fraud has been committed."). Each class is considered on its own for purposes of fraud and cancellation, and even if one class is fraudulent, it has no bearing on the others. *Id.* ("we find that each class of goods or services in a multiple class registration must be considered separately when reviewing the issue of fraud, and judgment on the ground of fraud as to one class does not in itself require cancellation of all classes in a registration"); *SmileDirectClub, LLC v. Berkely*, No. SACV181236JVSKESX, 2018 WL 8131096, at *6 (C.D. Cal. Oct. 26, 2018).

Beaming White has shown that LaRochell uses International Class 21, namely

"Toothbrushes; Electric Toothbrushes," through the images included in its Amended Counterclaims and the attached exhibits supporting LaRochell's use of PEARLY-branded toothbrushes. *See* CC ¶¶ 16-22, Ex. B. As use in commerce can be demonstrated for at least one category of mark, the trademark registration is ineligible for cancellation at least for that category. Accordingly, for this and all the foregoing reasons the claims for trademark cancellation of the entire registration(s) must be dismissed.

### III.    Piercing the Corporate Veil to Reach Individual Defendants is Inappropriate and Futile

Beaming White seeks to pierce the corporate veil and hold Individual Defendants liable in their role as officers of LaRochell. Beaming White has failed to allege valid claims against LaRochell, has failed to appropriately allege justification of piercing the corporate veil, and relies on confidential settlement communications to impugn liability. Accordingly, Individual Defendants should be dismissed from this lawsuit.

#### A. As No Valid Claim Exists Against the Corporation, No Valid Claim Exists Against the Individual Defendants

The corporate veil can only be pierced to hold individual party's liable when there is a basis to hold the corporation itself liable. *Sean Wood, L.L.C. v. Hegarty Grp., Inc.*, 422 N.J. Super. 500, 518, 29 A.3d 1066, 1077 (App. Div. 2011) ("[b]efore invoking an alter ego theory to pierce the corporate veil, evidence must first establish an independent basis to hold the corporation liable.").

Beaming White has brought all claims against LaRochell, but also against individuals Khourshed and Alkamary as the officers of LaRochell. As to the first two claims, as the entity LaRochell owns the '120 and '658 Registrations, Khourshed and Alkamary cannot be subject to the cancellation claim. *See, e.g., Marshak v. Treadwell*, 240 F.3d 184, 195-196 (3d Cir. 2001). Thus, the Individual Defendants cannot be subject to the first two cancellation causes of action.

14

It is also inappropriate to bring the tortious interference claim against Individual Defendants, because, as reviewed above, no valid claims exist against LaRochell as to the tortious interference claim, as this litigation does not meet the required standard of the claim. *See supra*, Section I.

### B. Beaming White Has Not Alleged Circumstances Warranting the Disregard of Corporate Formalities

Alternatively, if the court does not dismiss the claims against the corporation, it should still dismiss the claims against Khourshed and Alkamary as no valid basis exists to pierce the corporate veil. "The court may only pierce the veil in 'specific, unusual circumstances,' lest it render the theory of limited liability useless." *Am. Bell Inc. v. Fed'n of Tel. Workers of Pennsylvania*, 736 F.2d 879, 886 (3d Cir. 1984) (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967)). The purpose of piercing the corporate veil is rather to prevent fraud and bad conduct: "[t]he purpose of alter ego liability and piercing the corporate veil 'is to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law…'" *Bd. of Trustees of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002) (citing *State Dep't of Envtl. Protect v. Ventron Corp.*, 94 N.J. 473, 500, 468 A.2d 150 (1983)). In determining whether such serious conduct has been committed courts consider "the following factors: gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a façade for the operations of the dominant stockholder." *Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003) (citing *Am. Bell Inc. v. Fed'n of Tel. Workers of Pennsylvania*, 736 F.2d 879, 886 (3d Cir. 1984)).

Beaming White has conclusory alleged that "upon information and belief" LaRochell does not have employees, observe corporate formalities, maintain a lease at an office space, or maintain its own accounting and bank records. CC ¶¶ 104-108. There are no further details regarding how Beaming White has deduced these facts, relying almost exclusively on the fact that it believes the registered address for LaRochell is the Individual Defendants' home. *See* CC, Ex. A.

The conclusory allegations set forth fall far short of the fraud and deceit that warrants the extreme remedy of piercing the corporate veil. *See Lutyk,* 332 F.3d at 194. Beaming White makes conclusory allegations regarding the operation of LaRochell, predicated on the fact that LaRochell is a small company run by Individual Defendants, and thus most of the decisions and conduct done by LaRochell may be traced to Khourshed and Alkamary. However, being and operating a small corporation is not a sound basis to hold those individuals liable.  No conduct even slightly reaching this level has been pled here.

### C. Beaming White Cannot Rely on Statements Made in Settlement Negotiations to Create Liability

Beaming White also alleges that to LaRochell's supposed insolvency is supported because in "recent communications" Beaming White was informed that "Plaintiff has no money and is judgment proof." CC ¶ 71. This statement is uncredited, and is given no date or context in the Amended Counterclaims. *Id.* Beaming White has also referenced this statement in its previous filings on the docket. *See, e.g.* Declaration of Christopher Kinkade in Support of Motion to Amend Counterclaims (ECF No. 100-2), ¶ 5 ("Subsequent to the Court reopening the case in late January [*see* ECF No. 79], during various discussions between the parties Plaintiff has claimed to be 'judgment proof' because it has no assets or money that could be collected against on Beaming White, LLC's original counterclaims.") The individual who said this statement, as "Plaintiff" is the entity LaRochell, and when the statement was said are notably absent in every retelling.

16

It is clear that this statement, if it can be credited, was shared during confidential settlement communications, and Beaming White is attempting to use its inclusion as a basis for liability. This is wholly inappropriate to base liability on these statements, as they are protected settlement communications. Fed. R. Evid. 408(a)(2)("Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim... conduct or a statement made during compromise negotiations about the claim.")  The courts in this district, and other districts, have applied Rule 408 not only to evidence but also to pleadings.  *Cambria Co. LLC v. Hirsch Glass Corp.*, No. CV2110092MASJBD, 2023 WL 6387680, at *7 (D.N.J. Sept. 29, 2023) ("Though Rule 408 is a rule of evidence governing admissibility of evidence at trial, courts have relied on the rule's underlying purpose to strike or prevent disclosure of certain statements contained in pleadings because they revealed parties' confidential settlement negotiations and thus would not be admitted under Rule 408.") (citing *Philadelphia's Church of Our Savior v. Concord Twp.,* Civ. No. 03-1766, 2004 WL 1824356, at *2 (E.D. Pa. July 27, 2004); *Washington v. Pac. Summit Energy LLC*, Civ. No. 20-290, 2021 WL 229653, at *4 (S.D. Tex. Jan 21, 2023)). Accordingly, the Court should not only strike all references to the statements made during the Parties' settlement discussions from Beaming White's counterclaims, but should also prohibit Beaming White from all future use of such statements in this litigation.

Moreover, even if the company is insolvent, that alone is not a sufficient basis to hold Khourshed and Alkamary personally liable for the activities of LaRochell. The insolvency of a corporation or it lacking sufficient funds is not a valid reason to pierce the corporate veil. *Trustees of Nat. Elevator Indus. Pensions, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 195 (3d Cir. 2003). Beaming White's repeated reference to and reliance on a statement a member of

LaRochell may have made is misplaced and cannot be evidence of an improper use of the corporation or the corporation's insolvency to support piercing the corporate veil.

## CONCLUSION

For the foregoing reasons, Plaintiff and Counterclaim-Defendants respectfully request that the Court grant the motion and dismiss the First Amended Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: July 10, 2025

Respectfully Submitted,

*/s/ David D. Lin*
David Lin, Esq.
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@ilawco.com
*Attorney for Plaintiff LaRochell Beauty LLC*

18